USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1120

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 AQUA-LEISURE INDUSTRIES, INC.,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 
Keeton and McAuliffe, District Judges.

 Morris M. Goldings with whom Richard S. Jacobs and Mahoney,
Hawkes & Goldings were on brief for appellant.
 Brien T. O'Connor, Assistant United States Attorney, with whom
Donald K. Stern, United States Attorney, was on brief for appellee.

August 10, 1998

 Per Curiam. Simon Firestone and Aqua-Leisure Industries,
Inc., 85 percent of which is owned by Firestone, pled guilty on
October 23, 1996, to numerous counts of campaign finance law
violations. See 2 U.S.C. 441(f), 437g(d), and 441(a)(1). At the
same time, the defendants presented separate binding plea
agreements entered into with the government. Fed. R. Crim. P.
11(e)(1)(C). It appears, and certainly is not disputed, that the
recommended sentences were well below what could have been imposed
under the statutes and sentencing guidelines.
 Under Firestone's written plea agreement, he agreed to
pay a fine of $1 million and serve six months of confinement;
whether the confinement was to be at home or in federal prison was
a disputed issue reserved for the judge. As for Aqua-Leisure, its
written plea agreement provided that it would pay a fine of $5
million. The government also agreed to drop many of the counts
against Firestone personally.
 During the plea and sentencing hearing, the prosecutor
explained that the bargained for fines reflected a discount because
the government could collect a substantial portion from "the
parties . . . right up front . . . ." The court was told that
Firestone owned 85 percent of the stock of Aqua-Leisure, and
Firestone's counsel told the court that the $5 million fine on
Aqua-Leisure was "in essence" a "personal fine" of Firestone as
well. The court imposed on Firestone a $1 million fine and six
months of home confinement; and it imposed on Agua-Leisure a $5
million fine.
 More than a year later, on November 29, 1979, Aqua-
leisure filed a so called "Motion for Offset of Fine" citing
U.S.S.G. 8C3.4. That provision provides that a court "may"
offset (i.e., reduce) the fine imposed on a closely held
corporation when one or more individuals, each an owner of at least
a 5 percent interest, has been fined for the same offense conduct
for which the organization is being sentenced. The purpose of
Aqua-Leisure's motion for offset of fine was to obtain a reduction
of the fine still owed by Aqua-Leisure corresponding to 85 percent
(Firestone's share of Aqua-Leisure) of the $1 million fine already
paid by Firestone. The district court denied the motion without
explanation on December 10, 1997, and thereafter denied a motion
for reconsideration. Aqua-Leisure now appeals.
 The district court had no authority to grant Aqua-
Leisure's motion. A lawful sentence, lawfully imposed, becomes
final when judgment is entered; and Fed. R. Crim. P. 35 was
deliberately amended to restrict the opportunity for a district
judge to revisit thereafter a lawful sentence lawfully imposed. 
See 3 Wright, Federal Practice and Procedure 585.1, 585.2, 586-
87 (1998 Supp.). The occasions on which such a sentence may be
later reduced are narrowly defined and irrelevant here.
 The situation is more complicated where a sentence is
illegal, or has been illegally imposed, or both. In these
circumstances, Rule 35 provides for correction of the sentence by
the district court within 7 days for "arithmetical, technical, or
other clear error"; and, of course, an unlawful sentence may be
corrected after remand. Fed. R. Crim. P. 35(a), (c). Whether and
to what extent an unlawful sentence or one unlawfully imposed may
be attacked under 28 U.S.C. 2255 or habeas corpus is a separate
issue with complexities of its own. However, none of these avenues
has the slightest bearing on this case or provides the district
court with any authority to reduce Aqua-Leisure's fine.
 The guideline section relied upon by Aqua-Leisure
specifies, as already noted, that the court "may"--not must--
offset the fine impose on a close corporation. U.S.S.G. 8C3.4. 
Here, the separate fines with no explicit offset were set forth in
the plea agreements; the district judge was aware of Firestone's 85
percent ownership; and there was no request for offset at the time
of sentence. Even now, Aqua-Leisure is unable to point to any
legal error in the failure to afford an offset or any plausible
basis for district court authority to reduce, over a year later, a
lawful sentence lawfully imposed.
 Affirmed.

 Concurrence follows. KEETON, District Judge, concurring. Although I agree
that the occasions on which an allegedly duplicative fine imposed
on a corporate entity "may be later reduced are narrowly defined,"
Per Curiam Opinion at 3 and n.1, respectfully I do not join in the
conclusion that they are irrelevant here. Instead, I concur
because, first, in my view the district court had jurisdiction to
consider whether petitioner had succeeded in showing exceptional
circumstances "seriously affect[ing] the fairness, integrity or
public reputation of judicial proceedings." United States v.
Olano, 507 U.S. 725, 732 (1993) (quoting United States v. Young,
470 U.S. 1, 15 (1985)); United States v. Romano, 137 F.3d 677, 682
(1st Cir. 1998). And second, in my view, the district court
correctly decided that the petitioner failed to meet this burden in
this case.